## CINCINNATI (City) v. HACKING.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3123. Decided May 7, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**TRIAL—Real Estate (510 A6)**
(590 E3) In appropriation proceedings, witness who had always been salesman of dry goods and similar merchandise, who had never been engaged in business of buying or selling real estate, not permitted to testify as expert.

(590 E3a2) Error in rejecting testimony may be cured by later admission of testimony covering same matter.

**REAL ESTATE.**
(510 A6) Where, in appropriation proceedings, city is not limited to construction of storm-water sewer, or to sewer of any special kind, not error to reject testimony as to average life of storm water sewer.

**TRIAL.**
(590 Ccl) Error in charge may be cured by remittitur which is in excess of highest amount of damages jury might have awarded because of erroneous charge.

**REAL ESTATE.**
(510 A6) Verdict of $3,500 in appropriation proceedings for sewer, held not excessive in view of extraordinary fact that easement for 15 foot strip passed through portion of defendant's dwelling, together with fact that excavation would be very deep and very close to defendant's cellar.

Error to Common Pleas.

Judgment affirmed.

John D. Ellis, City Solicitor and Edwd. F. Alexander, Assistant City Solicitor, Cincinnati, for Cincinnati (City).

A. L. Herringer and John C. Healy, Cincinnati, for Hacking.

### STATEMENT OF FACTS.

The City of Cincinnati brought an action in the Court of Common Pleas against Vinnie M. Hacking, to assess the compensation to be awarded her for the appropriation of certain property "to public use for the purpose of an easement or right of way for the construction and perpetual maintenance of a sewer."

The jury returned a verdict for $3,500, from which the trial court ordered a remittitur of $1,000, which was consented to by defendant. From the judgment of $2,500, plaintiff prosecutes error.

It is claimed that the court erred, (1) in excluding certain evidence, (2) in giving certain special charges, and (3) in its general charge.

The plaintiff, having introduced the testimony of two acknowledged real estate experts as to the value of defendant's realty, next put on the stand a man who had always been a salesman of dry goods and similar merchandise, who had never been engaged in the business of buying or selling real property, and who was not shown to have ever bought any real property, either in his own behalf or as an agent. He testified that he had lived "in the neighborhood" of defendant's land for 23 years, and that he was from hearsay "familiar with property values along Millsbrae Avenue," and that he was "acquainted with Miss Hacking's place." He was unable further to qualify. He was asked: "What in your opinion is the present value of Miss Hacking's place." He was unable further to qualify. He was asked: "What in your opinion is the present value of Miss Hacking's property?" He was not allowed to answer this question, and the plaintiff excepted to the Court's ruling. The Court ruled that the witness was not qualified to answer this question.

MILLS, J.

Although the rule is liberal that permits opinion evidence to be given, it is also true that much must be left to the trial court's discretion. Not only had two experts testified for the plaintiff, but it is to be noted that in this case the real question was not the value of defendant's property in its then condition, but the technical question as to the damages which would accrue to that property by reason of the construction and maintenance of the sewer. The witness had not shown that he had any knowledge on this question, or that he had ever had experience with property incumbered with sewer easements. The ruling of the trial court was not prejudicial.

An expert civil engineer, testifying in chief for the plaintiff, was asked: "If it were to happen that a sewer placed on Miss Hacking's property became clogged up on the property, would it be necessary to excavate on Miss Hacking's property to get rid of the clogging?" This question was ruled out, and an exception taken; but this same witness, in the same direct examination, was immediately afterwards in answer to the next succeeding question, permitted to state, over the objection of the defendant, that under certain conditions, which he fully detailed, it might become necessary to excavate from the surface of the ground in Miss Hacking's lot.

Even if the first ruling had been prejudicial and erroneous, the second ruling, as shown by the record, was in form and effect such as to remove any harm done by the ruling. Gandolfo v. State, 11 Ohio St. 114.

Plaintiff offered the testimony of this same expert to the effect that the average life of a storm sewer, of the kind that is to be put in this case across the Hacking property, was at least 50 years. This testimony was rejected. Inasmuch as the plaintiff was not, under the terms of the appropriation proceedings, or otherwise, limited to the construction of a storm-water sewer, or to a sewer of any special kind, there was no prejudicial error in excluding this testimony.

On the 6 foot strip were some berry bushes, and on the 15 foot strip were, in addition to

the house, two trees and some shrubbery. Where not covered by sod, both strips were planted with perennial flowers.

The estimates of the various witnesses as to the depreciation in value of defendant's property by reason of the appropriation ranged from $500 to $4,000.

Complaint is made that the court so charged the jury that they might have understood that defendant, Miss Hacking, was to be paid the value of the fee of the 6 foot strip, through which the sewer was to run.

Complaint is also made that the trial court charged the jury that they were to award the defendant the value of her trees and shrubs.

The jury awarded damages in the sum of $3,500. The remittitur of $1,000 was in excess of the aggregate of the highest estimated value of the trees and the shrubs and of the fee of the 6 foot strip. The remittitur, therefore, cured any prejudicial error in the charge.

We are of the opinion that the verdict for $3,500.00 was not excessive, in view of the extraordinary fact that the easement for the 15 foot strip passes through a portion of the defendant's dwelling, together with the fact that the excavation for the sewer in the 6 foot strip will be very deep and very close to the defendant's cellar.

The judgment for $2,500.00 is therefore affirmed.

(Hamilton, PJ., and Cushing, J., concur.)